This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Randy Hart ("Petitioner"), agent for the annexation petitioners, appeals the judgment of the Summit County Court of Common Pleas which affirmed the Summit County Council's ("Council") denial of a petition for annexation to the City of Barberton ("City"). We affirm.
Petitioner filed a petition for the annexation of 360.8402 acres of land ("territory") in Franklin Township ("Township") to the City. The Council held a public hearing to consider the petition during which it received testimony and evidence from some of the territory landowners, as well as various City and Township officials. Subsequently, the Council passed Resolution 2000-462, which denied the petition for annexation of the territory. Petitioner appealed the Council's decision to the Summit County Court of Common Pleas pursuant to R.C. Chapter 2506. The trial court affirmed the Council's decision. Petitioner appeals, asserting three assignments of error for review. As the second assignment of error is dispositive of the appeal, we will consider it first.
 Second Assignment of Error The trial court erroneously upheld the County Council's denial of annexation to the extent it was based on unspecified "errors" in the petition, where such "errors" were insubstantial and were corrected at or before the County Council hearing and resulted in no undue prejudice or confusion.
In his second assignment of error, Petitioner argues that the trial court erred in upholding the Council's denial of the annexation petition based on the unamended errors in the petition. We disagree.
An order affirming or denying a petition for annexation may be appealed to the common pleas court pursuant to R.C. 2506.01. The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. R.C. 2506.04. This judgment may then be appealed to the court of appeals, by any party, on questions of law as provided by the Rules of Appellate Procedure. Id. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires the court to affirm the common pleas court, unless [the court of appeals finds], as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 613, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34.
R.C. 709.02 addresses the petition requirements for an application for annexation by owners of real estate adjacent to the municipality. It states, in relevant part:
 Application for such annexation shall be by petition, addressed to the board of county commissioners of the county in which the territory is located, and signed by a majority of the owners of real estate in such territory. Such petition shall contain:
 (A) A full description and accurate map or plat of the territory sought to be annexed;
 (B) A statement of the number of owners of real estate in the territory sought to be annexed;
 (C) The name of a person or persons to act as agent for the petitioners.
Further, R.C. 709.033 states the findings necessary in order for the Council to allow an annexation. It states:
 After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:
 (A) The petition contains all matter required in section 709.02 of the Revised Code.
 (B) Notice has been published as required by section 709.031 [709.03.1] of the Revised Code.
 (C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.
 (D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 [709.03.1] of the Revised Code.
 (E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted.
Pursuant to R.C. 709.033(A), which refers to R.C. 709.02(B), a petition must contain a statement of the number of owners of real estate in the territory sought to be annexed, in order for the Council to approve the annexation. In this case, the record indicates that the annexation petition included a statement of the number of landowners in the territory; however, both the petition itself and the legal notice published in the paper inaccurately stated that the number of landowners totaled fifteen. In fact, there were actually nine landowners in the territory. Seven of these landowners signed the petition.
The Council found that the annexation petition contained errors which Petitioner had failed to move to amend. The Council denied the petition based on the errors, along with a finding that the territory was unreasonably large. The alleged errors included a change in the map and an inaccurate statement of the total number of landowners in the territory.[1] The trial court affirmed the Council's decision and held that the Council's denial based on the petition errors was supported by substantial, reliable, and probative evidence. Specifically, as to the number of landowners, the trial court noted the confusion that had occurred in the hearing over the correct number of landowners and found that "[i]f taken at face value, the number of landowners who signed the petition in favor of the annexation, seven, is less than a majority of the number of listed property owners, fifteen."
While there were seven signatures of landowners supporting the annexation in the petition submitted to the Council, such petition also stated that there were fifteen landowners. Additionally, the required legal notice, published in the newspaper, stated that a majority of landowners had signed the petition but also inaccurately stated there were fifteen owners. Finally, even in the Council hearing there was reference to the fact that there was still uncertainty as to the actual number of landowners; testimony from several witnesses put the number of landowners variously at nine, eleven, twelve, and fifteen landowners. Not until a post-hearing memorandum was filed on April 20, 2000, ten days after the hearing, did the Petitioner declare, as he asserts on appeal, that there were nine landowners.
We find that it was not error for the trial court to uphold the Council's denial of the annexation based on uncorrected errors in the petition. Specifically, after a careful review of the record and considering our limited standard of review, we cannot say, as a matter of law, that it was error for the trial court to find that Petitioner's inaccurate statement of the number of landowners justified a denial of annexation. Based on the petition submitted and the notice published in the newspaper, it was unclear whether a majority of landowners had, in fact, signed the annexation petition as required by R.C. 709.033(C). Further, the issue did not become clear at the public hearing. Accordingly, we cannot say, as a matter of law, that the trial court's decision, finding that the inaccuracies in the annexation petition provided a valid basis upon which to deny the petition, is not supported by a preponderance of reliable, probative and substantial evidence. SeeSmith v. Granville Twp. Bd. of Trustees, 81 Ohio St.3d at 613. Petitioner's second assignment of error is overruled.
 First Assignment of Error The trial court erroneously upheld the County Council's denial of annexation as being "unreasonably large," where said conclusion had no factual basis, and where the annexation territory is not unreasonably large.
 Third Assignment of Error The trial court erroneously failed to determine that annexation would serve the general good of the annexation territory.
In the first assignment of error, Petitioner contends that the trial court erred when it affirmed the Council's finding that the annexation was "unreasonably large." In the third assignment of error, Petitioner avers that it was error for the trial court to fail to address whether the annexation would serve the "general good" of the territory. It is not necessary to address all of the requirements under R.C. 709.033 in order to deny an annexation. Because, we have already found that the petition for annexation was properly denied on the basis of inaccuracies in the petition, we need not address the allegations of the additional assignments of error. Petitioner's first and third assignments of error have been rendered moot by our disposition of the second assignment of error. See App.R. 12(A)(1)(c).
Petitioner's second assignment of error is overruled. The first and third assignments of error are rendered moot by this court's disposition of Petitioner's second assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.
[1] In this assignment of error, Petitioner also alleges that the trial court erred when it found that a change in the map resulted in an inaccurate legal description which should have been amended prior to the hearing. We need not address this error, however, as we find that the trial court was entitled to deny the annexation petition based upon the inaccurate statement of the number of landowners.